UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CPM DEVELOPMENT CORPORATION, d/b/a CENTRAL PREMIX CONCRETE CO.,<br><br>        Plaintiff,<br><br>       v.<br><br>CITY OF PASCO, a Washington municipal corporation, acting through its Planning Commission and City Council,<br><br>        Defendant. | No.  CV-07-5009-FVS<br><br>ORDER REMANDING ACTION |

**THIS MATTER** came before the Court in light of Plaintiff's recently filed amended complaint.  Plaintiff is represented by Dennis Dean Reynolds.  Defendant is represented by Kenneth W. Harper.

**BACKGROUND**

This is an action for money damages arising out of certain land use decisions by the City of Pasco.  (Ct. Rec. 1).  Plaintiff originally filed suit in Franklin County Superior Court on February 13, 2007.  Defendant removed the action to this Court on March 2, 2007, based upon the existence of federal question jurisdiction.  On April 16, 2007, Plaintiff filed a second cause of action in Franklin County Superior Court.  On April 22, 2007, Defendant also removed the second cause of action.  That matter was subsequently closed and the parties joined in the instant action.  (Ct. Rec. 6).

ORDER REMANDING ACTION - 1

The parties represented that Plaintiff had appealed the land use decision at issue in this matter to the Franklin County Superior Court under Washington's Land Use Petition Act ("LUPA"). On May 11, 2007, based on the parties' request, the matter was stayed pending resolution of the LUPA appeal in Franklin County Superior Court. The matter was stayed until March 3, 2008. A final judgment and order was entered in the LUPA appeal on June 6, 2008. Plaintiff thereafter filed an Amended Complaint in the instant action.

As noted by Plaintiff, the Amended Complaint drops the only federal cause of action from this law suit, allegations under 42 U.S.C. § 1981, et seq.

**DISCUSSION**

The Court had original jurisdiction over Plaintiff's federal law claim at the time of removal based on the existence of a federal question. 28 U.S.C. §§ 1331; 1441(b). The Court was authorized to exercise supplemental jurisdiction over Plaintiff's state law claims because the state law claims were related to their federal law claim in such a manner that the state law claims formed part of the same case or controversy. 28 U.S.C. § 1367(a).

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff was entitled to amend its complaint as a matter of course because Defendant has not served an answer in this matter. Plaintiff's decision to abandon the federal law claim does not constitute forum manipulation. *See Baddie v. Berkley Farms, Inc.,* 64 F.3d 487, 491 (9th Cir. 1995) (Plaintiffs "dismissed their federal claims and moved for remand with all due speed after removal. There was nothing

ORDER REMANDING ACTION - 2

manipulative about that straight-forward tactical decision[.]"). Thus, at this juncture, the only claims before the Court are state law claims.

This development does not deprive the Court of jurisdiction. *See Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers,* 159 F.3d. 1209, 1213 (9th Cir. 1998) (the existence of subject matter jurisdiction is evaluated in light of the pleadings that are filed at the time of removal). Nevertheless, given the absence of any claim over which the Court had original jurisdiction, the Court must decide whether it should continue to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). "'[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law-claims.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 619 n.7, 98 L.Ed.2d 720 (1988). However, the Court may not decline supplemental jurisdiction without determining whether remand is consistent with considerations of economy, convenience, fairness, and comity. *See Executive Software North America, Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994).

Insofar as economy is concerned, the Court has not held a scheduling conference or entered a scheduling order in this matter. While this case has been pending since early 2007, it has been stayed almost the entire time, and Defendant has yet to file an answer or otherwise challenge the merits of Plaintiff's claims. Insofar as convenience is concerned, both the federal district court and the

ORDER REMANDING ACTION - 3

state superior court are located within the same geographic region. Insofar as fairness is concerned, it appears that Plaintiff has relinquished its federal law claim in order to return to state court. Insofar as comity is concerned, remanding Plaintiff's state law claims will avoid unnecessary federal entanglement in issues of state law.

    Given the preceding circumstances, there appears to be no reason to retain supplemental jurisdiction over Plaintiff's state law claims. Accordingly, **IT IS HEREBY ORDERED:**

    This matter is **REMANDED** to **Franklin County Superior Court** in order to address Plaintiff's remaining state law claims alleged in its amended complaint filed August 6, 2008 (Ct. Rec. 16).

    The District Court Executive is directed to mail a certified copy of this remand order to the clerk of the Franklin County Superior Court. 28 U.S.C. § 1447(c). The District Court Executive shall additionally enter this order, furnish copies to counsel and **close the file**.

    **IT IS SO ORDERED.**

    **DATED** this \_\_25th\_\_ day of August, 2008.

                            S/Fred Van Sickle
                              Fred Van Sickle
                      Senior United States District Judge